## IN THE UNITED STATES DISTRICT COURT

### for the Middle District of Florida

### Tampa Division

| | |
|---|---|
| ADMINICOR SERVICES, INC.;<br>ADMINICOR SERVICES, INC.<br>EMPLOYEE STOCK OWNERSHIP PLAN;<br>BENJAMIN MORICZ; and PAUL H. & ANN<br>F. JAWORSKI, <br><br>        *Plaintiffs,*<br><br>v.<br><br>COMMISSIONER OF INTERNAL<br>REVENUE,<br><br>        *Defendants.*<br>_____ / | Case No: _____<br><br><br><br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**NOW COMES** Plaintiffs Benjamin K. Moricz, Paul H. & Ann F. Jaworski, Adminicor Services, Inc., Adminicor Services, Inc. Employee Stock Ownership Plan (collectively, "Plaintiffs"), by and through the undersigned counsel, hereby allege and state as follows:

### PARTIES

1.  Plaintiff Adminicor Services, Inc. is an S-Corporation entity with a mailing address of 3990 Clark Road, Sarasota, Florida 34233.

2.  Plaintiff Adminicor Services, Inc. Employee Stock Ownership Plan ("ESOP"), is a qualified retirement plan and tax-exempt entity with a mailing address at 3990 Clark Road, Sarasota, Florida 34233.

3.  Plaintiff Benjamin K. Moricz, EIN 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, is an individual with mailing address 5564 Eagle Creek Road, Sarasota, Florida 34238.

4. Plaintiffs Dr. Paul H. and Ann F. Jaworski, EIN 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, are a married couple with mailing address 3314 Charles MacDonald Drive, Sarasota, Florida 34240.

5. Defendant Commissioner Of Internal Revenue is the head of the Internal Revenue Service, a bureau of the United States Department of the Treasury.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(2);1391(e)(1).

8. A substantial part of the events giving rise to the claims occurred in this district. Plaintiffs also reside or conduct business within this district.

9. Plaintiffs bring this action pursuant to the Administrative Procedure Act ("APA"). 5 U.S.C. §§ 551-559, 701-706.

## BRIEF SUMMARY

10. Plaintiffs bring the instant suit to enjoin Defendant, which has exceeded its authority by adding additional reporting requirements, monetary penalties, and criminal sanctions upon taxpayers if their employee stock ownership plans ("ESOPs"), affiliates, and Plan trustees do not comply with such reporting requirements, herein referred to as the Byers Rule (the "Byers Rule").

11. Alternatively, this is a pre-enforcement suit to vacate the Byers Rule as Plaintiffs' tax years are still open in the event Defendant initiates an audit concluding Byers Rule additional requirements were necessary.

12. Plaintiffs are neither attempting to restrain Defendant's ability to tax nor Defendant's collection efforts.

13. Plaintiffs have no adequate remedy at law.

## FACTUAL BACKGROUND

14. Adminicor is a valid S-Corporation, effective as of September 22, 2011, and sponsor of the Plan.

15. In accordance with IRC §§ 401(a) and 501(a), the Plan was put into effect and operation, initially adopted by Adminicor on September 23, 2011

16. During Adminicor's adoption of the Adminicor ESOP, Defendant commenced an audit of Plaintiffs' tax years 2011 – 2013.

17. Following the audit in April 2014, Defendant issued a letter to Plaintiffs, indicating that both the Plan and the Adminicor ESOP Plan Documents were compliant in form, in effect, and in operation (the "No-Change Letter").

18. Subsequently, Adminicor adopted a restated amendment of the Adminicor ESOP Plan Documents that was effective January 1, 2015.

**<u>Byers Investigation</u>**

19. To adopt the Plan, Plaintiffs had hired Lex J. Byers ("Byers") prior to 2011, as an advisor for its employee stock ownership plan ("ESOP").

20. Between 1997 and September 2016, Defendant routinely accepted Plaintiffs' exact same transaction as valid and compliant, allowing use of S-Corporation ESOPs in the same adoption documents and fiduciary-compliant assets, which could be used for Plan participants' sole and exclusive benefit pursuant to the Internal Revenue Service's interpretations of IRC § 1361. Ex 1.

21. Then, in September 2016, a former client of Byers falsified information about Byers, IFL Capital Group, Inc., their affiliates, and their marketing partners, in an effort to persuade Defendant in issuing a favorable settlement agreement in favor of the said client of Byers, which was approved in 2016.

22. On May 16, 2016, the Byers Investigation began.  A true and correct copy of Defendant's referral letter dated May 11, 2016, to the Lead Development Center ("LDC") / Office of Tax Promoter, is attached hereto as Exhibit 2 which is self-authenticating documents prepared in the ordinary course of business by defendant.

23. The falsification involved material misstatement that Byers conducted accounting for the said disgruntled taxpayer, which was proven false based on a contradictory testimony from the CPA who admitted to performing the audit during the 2015-2016 audit.

24. Prompted by this falsified information, Defendant commenced an investigation into Byers, his affiliated entities and his then-wife Andrea Schwartz (Byers). Yet inexplicably left out the disgruntled client, a Illinois Lawyer who falsified information to Joseph Conroy who headed the Office of Tax Promoter.

25. Defendant agency actions in response to the falsified information and referral post-2016 along with internal documentation constituted a change of law by circumventing the APA.

26. Such circumvention of APA constitutes an agency pronouncement accompanied by legal guidance, thus resulting in an action akin to a legislative rule, demonstrated by Defendant's application of a higher burden of proof during the course of the audit.

27. Defendant and its auditor and agent Joseph Conroy oversaw the tax promoter investigation since September 2016 against Plaintiffs' previous ESOP advisor, Lex J. Byers of IFL Capital

Group, Inc. and its affiliates and/or marketing affiliates for alleged abusive tax strategies. Defendant has admitted to the ongoing tax promoter investigation.

28. Prejudiced by the falsified information from the disgruntled Byers' client, Defendant's agents failed to allow well-established precedent and thus did not follow Defendant's interpretation of the exact same issues prior to September 2016.

29. Defendant utilized this audit process to obtain evidence against Plaintiffs' previous ESOP Advisor, which constituted a higher burden of proof under civil penalties against the former ESOP Advisor. More specifically, bringing allegations of abusive tax strategies cannot be substantiated without requiring more rigorous proof of whether former ESOP advisor knew or should have known a transaction is false or fraudulent. Such investigation and contemplated determination require going beyond the preponderance of evidence standard, which is violative of the APA including but not limited to the fact Defendant has failed to offer notice and comment or significant responses to comments to allow such arguments and audits to stand on legal grounds.

30. Defendant's application of heightened standard of overtly intrusive audit and imposition of significantly higher burden of proof than is the practice in similar circumstances has been narrated in detail in Paragraph 45 below. Because such enhanced standard of higher burden of proof was imposed only to Byers' clients through a de facto rule, it has come to be known as the Byers Rule.

31. Defendant has confirmed the existence of the Byers Rule, which was promulgated in secret, in Defendant's response to Plaintiff's counsel's September 2022 Freedom of Information Act ("FOIA") request confirming the legal nature of newly created rules – against plaintiff and Byers clients - using an exemption of attorney/client privilege for the legal memo authorized

by Joseph Conroy to change well-established rules outside of the public purview.  A true and correct copy of Defendant's response to a similarly situated taxpayer's FOIA request is attached hereto as Exhibit 3 and 4.  Documents are self-authenticating and provided to Plaintiff's counsel by defendant and their agents establishing the documents as prepared in the ordinary course of business conducted by agents of defendants.  Also, plaintiffs' are under a sharing agreement with other similarly situated taxpayers/plaintiff's in pending case no. 2:24-cv-591 US Dist Court of Utah WCEC et al v. Comm'r and 1:24-cv-1057 US Dist Court of Wisconsin Solid Ground Transportation, Inc. et al v. Comm'r.  Such cases confirm the existence of the secret meetings related to a still-pending 2016 Byers tax promoter investigation and defendant's corresponding rule making without Congress' approval nor any input by the public.

32. Indeed, after the Byers Investigation began, Defendant began auditing former clients of Byers and no other ESOP advisors, using the Byers Rule to disqualify legitimate retirement plans and issue unsupported tax deficiencies.  A true and correct copy of Defendant's report, an admission to the ongoing Byers Investigation, is annexed hereto as Exhibit 4.

33. The creation of a de facto rule amounts to violations of the APA.  5 U.S.C. §§ 551-559, 701-706, as this Byers Rule has ". . . general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy or describing the organization, procedure, or practice requirements of an agency."  5 U.S.C. § 551(4).

34. Because Byers Rule imposed additional obligations, despite Defendant having audited Plaintiffs' tax years 2011 through 2013, Defendant nonetheless commenced a second audit of Plaintiffs.

35. Defendant's second audit of Plaintiffs commenced August 2017, lasting until January 2024, which began because of Defendant's investigation caused by the 2016 falsified referral by a taxpayer and his lawyer to Defendant's Office of Tax promoter.  Upon which applied the Byers Rule to Plaintiffs tax years 2011 through 2022 and final disqualification.

**Prior Acceptance of Retirement Plan Transaction**

36. Before September 2016, Defendant accepted the retirement plan transaction – which Plaintiffs used – as valid and compliant. **Exhibit 1**

37. Indeed, since Congress amended IRC § 1361(c) in 1998, which allowed the use of ESOPs for S-Corporations, Defendant has consistently found that retirement plan transactions such as Plaintiffs were valid.

38. Congress has neither changed the law nor has Defendant issued any regulatory guidance to change well-established ERISA and retirement plan laws.

39. Before the Fall 2016, Plaintiffs' Plan, and similarly situated S-ESOP, was never identified as a listed transaction nor a transaction of interest pursuant to Treasury Regulation § 1.6011-4(b)(2).

40. Defendant has removed established requirements from its website, thereby confusing Plaintiffs and similarly situated taxpayers.

**Byers Rule**

41. The Byers Rule created a _de facto_ rule requiring same or substantially similar to "listed transactions" under Treas. Reg. § 1.6011-4(b)(2), which amount to violations of the APA.  5 U.S.C. §§ 551-559, 701-706.

42. The Byers Rule has ". . . general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy or describing the organization, procedure, or practice requirements of an agency." 5 U.S.C. § 551(4).

43. The Byers Rule imposed additional reporting obligations that were not otherwise required, including but not limited to:

    i.    Adding requirement that independent appraisers must meet the requirements of  IRC and Treasury Regulations 1.170(a)(1), 1.170A-(13)(c)(5)(iv), 1.170(f)(11)(E)  and any related regulations prescribed by the Secretary, precluding any party to  the transaction who implemented Plaintiff's plan (such as Byers who was Plaintiff's appraiser) when the property being appraised was acquired.

    ii.    Adding a requirement that non-cash contributions (such as Plaintiff's 2013 stock sale to Plaintiff's ESOP) under 1.170A-13(c)(5)(iv) is interpreted as a 'donor of property' rather than a sale of stock thereby necessitating additional requirements for valuation/appraisal purposes such as hiring a new appraiser that was otherwise qualified.

    iii.    Adding a requirement that taxpayer's appraisers provide sensitive and confidential information such as an EIN allegedly required under 1.170A-17(a)(3)(iv) which is intended for Conservation Easements and not an allowable requirement given Congress has not authorized defendant to force taxpayer's appraisers to reveal sensitive EIN information on the annual appraisal. Defendant has never required such information and now (through defendant's secretive Byers-Rule) requires such information with monetary and criminal penalties for noncompliance.

iv. Adding requirements that plaintiff file tax form 1041 which has never been necessary prior to 2016. Such noncompliance may result in monetary penalties and criminal penalties per 6707A and punishable up to 1 year in prison and a $100,000 fine. See 26 C.F.R. 7203

v. Adding requirements under IRC 409(h) that principal loan payments are necessary when that requirement violates fiduciary duty of prudence, and corresponding Treasury Regulation 1.409(h), known as the repurchase obligation, which increased costs to ensure completion of the retirement plan;

vi. Eliminating requirements for affiliated service group rules including but not limited to IRC § 414;

vii. Adding requirements under IRC § 401(a) and 54.4975 for who can allocate stock; and

viii. Requiring the plan sponsor to pay off an exempt ESOP loan within one year of adoption thereby adding requirements not otherwise found prior to 2016.

44. Accordingly, Plaintiffs submit that the Byers Rule is unlawful, for the following reasons:

45. *First*, the IRS unlawfully disqualified the Plan and added reporting requirements in reliance upon the Byers Rule, which amounts to a legislative-type rule, without complying with the mandatory notice-and-comment provisions of the APA. 5 U.S.C. § 553.

46. *Second*, the Byers Rule is arbitrary, capricious, and *ultra vires* in nature, lacking the underlying authority required by the APA. 5 U.S.C. § 706(2)(A)).

Page **9** of **18**

47. *Third*, the Byers Rule failed to comply with APA's notice-and-comment requirements. Indeed, the Byers Rule was created in secret, imposing additional costs separate from the permissible statutory tax penalties upon Plaintiffs and similarly situated taxpayers, and cannot serve as the basis for imposing such additional reporting requirements and costs.

48. *Fourth,* the Byers Rule deprived Plaintiffs – as well as other similarly situated taxpayers – the opportunity to file any pre-enforcement action. Plaintiffs submit that they had no knowledge about any proposed or enacted rule changes until Defendant issued notices to Plaintiffs in 2021.

49. *Fifth*, Defendant intentionally targeted Byers' former clients to impose additional requirements previously not found before 2016.

50. *Sixth*, Defendant failed to submit Appropriation Reports to Congress within 30 days of receiving funding, as required, to detail use of Defendant's Office of Tax Promoter Investigations and related investigations to allow the public to scrutinize law and rule changes.

**Defendant's Notices Sent to Plaintiffs**

51. Between April 2021 and On January 12, 2024, Respondent issued Final notices of Plan disqualification and tax assessments based on defendant's reimagining of well-established IRC and ERISA requirements and defendant interpretations leading up to and including 2016.  Defendant changed the interpretation through its Byers-Rule without Congress' approval nor knowledge of such change.

52. Without immediate judicial review of the Byers Rule, participants will be unable to access benefits through the S-ESOP retirement plan, imposing unnecessary financial and business hardships caused by the newly created requirements not found prior to 2016.

53. Such notices are indicative of defendant's admissions of APA violations as stated within Plaintiff's claims herein.

### Defendant's Use of the Byers Rule Violates the Administrative Procedure Act

54. In light of the procedural odyssey narrated in previous paragraphs, Defendant agency's actions post-September 2016 was a result of Defendant's use of the Byers Rule, which effectively changed the applicable standards, well-established laws and Defendant's interpretation for the exact same retirement plans leading up to September 2016.

55. Furthermore, Defendant agency's implementation of the Byers Rule has effectively changed the terminology of what constitutes a 'contribution', ''circular transaction', 'ordinary, reasonable and necessary ESOP funding', to name a few without Congress' approval nor any notice and comment for the public input violative of the APA.

56. Defendant agency has provided no rational basis or supporting clarification for its use of the Byers Rule.

57. Given Byers Rule contains a procedural defect in the agency action, pursuant to the jurisprudence developed in *Chrysler Corp v. Brown*, 441 U.S. 281 (1979), courts are prohibited from affording the agency the force and effect of law, since Byers Rule was promulgated as "interpretative rules" without complying with the APA's requirement that interested persons be given general notice of an agency's proposed rulemaking and an opportunity to comment before a "substantive rule" is promulgated. *Id* at 284.

58. Further, Byers Rule and any "authorization by law" contemplated by that Rule place substantive limits on agency action, imposition of additional burden by Defendant on Plaintiff is reviewable agency action, and Plaintiff is a person "adversely affected or

aggrieved" within the meaning of the APA's provision affording the right of judicial review of agency action to such a person. *Id* at 281, 284.

59. Paragraph Nos 43 through 58 above, establishes the Byers Rule is an agency action, acting with the force and effect of law based on law laid down in *Chrysler Corp v. Brown*, 441 U.S. 281 (1979).

60. The Byers Rule is designed by Defendant to implement, interpret, and prescribe law or policy or describe the organization, procedure, or practice requirements of an agency. 5 U.S.C. § 551(4).

61. The Byers Rule, which changed the existing interpretation of well-established law, does not have Congressional authority.

62. As established in Paragraph Nos 43 through 58, the Byers Rule is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law, contrary to constitutional rights, power privilege, or immunity, or in excess of statutory jurisdiction, authority, or limitations, which violate 5 U.S.C. § 706.

## <u>COUNT I</u>
### FAILURE TO PROVIDE NOTICE AND OPPORTUNITY FOR COMMENT IN VIOLATION OF THE APA

63. Plaintiffs incorporate by reference the foregoing paragraph nos 1 to 82 of this Complaint as if fully set forth herein.

64. Defendant, the Internal Revenue Service (IRS), is an "agency" within the meaning of the APA. 5 U.S.C. §§ 551(1), 552(f)(1).

65. The APA provides that "[a] person suffering legal wrong because of agency action or adversely affected or aggrieved by agency action within the meaning of the relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

66. The APA authorizes this Court to "hold unlawful and set aside agency action, findings, and conclusions found to be...without observance of procedure required by law." 5 U.S.C. § 706(2)(D).

67. Certain "rules" issued by agencies must comply with notice-and-comment rulemaking procedures. 5 U.S.C. § 553.

68. Failure to comply with these procedures renders the rule unlawful. <u>See</u> *Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, 96 (2015).

69. The Byers Rule is a "rule" under 5 U.S.C. § 551(4), being a general statement of future effect intended to interpret and implement IRS policy toward S-ESOPs.

70. The Byers Rule is a substantive legislative-type rule, as it modifies existing obligations and liabilities under the Internal Revenue Code and IRS regulatory framework.

71. Pursuant to 5 U.S.C. §§ 553(b)–(c), the IRS was required to issue a notice of proposed rulemaking and provide the public with a meaningful opportunity to comment.

72. No such notice was issued, and no public opportunity to comment was afforded.

73. No valid exception to these procedural requirements applies. The Byers Rule is not an interpretive rule under § 553(b)(A), nor did the IRS assert good cause under § 553(b)(B) or § 553(d)(3).

74. The Byers Rule originated through a confidential task force led by IRS agent Joseph Conroy and was applied to Adminicor and similarly situated taxpayers without transparency or prior disclosure.

75. Defendant IRS audit history shows that Adminicor's S-ESOP structure had previously passed inspection without change, confirming that the agency's sudden reversal marks a new regulatory position requiring APA compliance.

76. The Final Non-Qualification Letter issued in January 2024 imposed retroactive disqualification of the ESOP and penalties based on the Byers Rule, despite the absence of proper procedural rulemaking.

77. Plaintiffs are suffering concrete harm, including legal uncertainty, reputational damage, civil penalties, and the inability to offer otherwise lawful employee retirement benefits.

### COUNT II
### ARBITRARY AND CAPRICIOUS ACTION IN VIOLATION OF THE APA

78. Plaintiffs incorporate by reference the foregoing paragraph nos 1 to 82 as if fully set forth herein.

79. The APA prohibits agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

80. This standard requires agencies to provide a reasoned explanation for adopting new rules or policies.

81. Defendant IRS provided no such explanation for its creation or enforcement of the Byers Rule.

82. Defendant IRS failed to justify why a previously approved ESOP structure now allegedly constitutes a prohibited "listed transaction," nor did it cite any change in statutory authority or published guidance.

83. The Byers Rule was applied retroactively without factual inquiry into Adminicor's individual plan operations, investments, or valuation processes.

84. Defendant IRS internal correspondence identifies the Byers Rule as arising from an enforcement initiative against prior clients of Byers & Associates, not from a neutral legal analysis.

85. A legal memorandum authorizing the enforcement of the Byers Rule was drafted internally and withheld from public inspection or comment.

86. As such, the Byers Rule represents an arbitrary and capricious exercise of discretion by the IRS.

87. Defendant IRS now uses the Byers Rule to impose substantial penalties and reporting requirements, without legislative authority or public notice.

88. The rule also conflicts with I.R.C. § 6707A(c)(2), which limits listed transaction designations to those publicly identified by IRS notice, a step the agency never took with respect to the S-ESOP.

89. The resulting discrepancy has caused legal and regulatory uncertainty for Plaintiffs and similarly situated entities.

90. Plaintiffs have suffered specific damages, including legal exposure and disruption of their employee retirement plan.

91. Unless vacated, the Byers Rule will continue to harm Adminicor and other compliant S-ESOP sponsors who relied on prior IRS guidance.

### COUNT III
**VIOLATION OF THE CONGRESSIONAL REVIEW ACT (CRA), 5 U.S.C. § 801 et seq.**

92. Plaintiffs incorporate by reference the foregoing paragraph nos 1 to 76 as if fully set forth herein.

93. The CRA, 5 U.S.C. § 801(a)(1)(A), provides that before a rule may take effect, the promulgating agency must submit a report to both Houses of Congress and the Comptroller General, including a copy of the rule.

94. The term "rule" is defined in 5 U.S.C. § 551(4), and the Byers Rule falls squarely within that definition.

95. The IRS never submitted the Byers Rule to Congress or the Comptroller General.

96. As a result, the rule never legally took effect under the CRA and cannot be enforced.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court grant the following relief:

    A. A declaration that the Byers Rule is an unlawful agency rule issued without compliance with the APA;

    B. A declaration that Defendant IRS exceeded its statutory authority in applying the Byers Rule without notice-and-comment rulemaking;

    C. A declaration that Defendant IRS's actions were arbitrary, capricious, and unlawful under the APA;

    D. A declaration that Defendant IRS failed to comply with the requirements of the Congressional Review Act;

    E. Vacatur of the Byers Rule as an invalid legislative rule and an order against defendant for this plaintiff and all similarly-situated plaintiff's who utilized Byers as its ESOP Advisor to set up the same or similar retirement plan known as an S-ESOP;

    F. Injunctive relief prohibiting Defendant IRS from enforcing the Byers Rule against Plaintiffs or similarly situated S-ESOP sponsors;

    G. Costs and attorneys' fees as permitted by law; and

    H. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: July 22, 2025

Respectfully Submitted,
By: */s/ Joseph J. Dadich, Esq.*
Joseph J. Dadich, Esq.
Dadich & Associates, PLLC
Attorney for Plaintiff
604 Banyan Trail
Unit 810907
Boca Raton, FL 33481
josephjdadich@gmail.com
Telephone: (586) 604-9168
Fax: (248) 479-1710

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on July 22 2025, a copy of the foregoing Complaint was served on Defendant's counsel at the following address:

Chief Counsel
Internal Revenue Service
Washington, D.C. 20224

Date: July 17 2025

By: */s/ Joseph J. Dadich, Esq.*
Joseph J. Dadich, Esq.
Court Bar No: DJ1051