**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| ADMINICOR SERVICES, INC.; ADMINICOR SERVICES, INC. EMPLOYEE STOCK OWNERSHIP PLAN; BENJAMIN MORICZ; and PAUL H. & ANN F. JAWORSKI,<br><br>*Plaintiffs*,<br><br>v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>*Defendant*. | ) | Case No. 8:25-cv-1929-MSS-NHA |

**UNITED STATES' RESPONSE IN OPPOSITION TO PLAINTIFFS' OBJECTIONS TO THE REPORT AND RECOMMENDATION**

The United States submits this opposition to Plaintiffs' Objections to the Magistrate Judge's Report and Recommendation, (ECF No. 30, objecting to ECF No. 28) (the "Objections"). Magistrate Judge Natalie Hirt Adams correctly recommends that this Court dismiss Counts I and II of Plaintiffs' Amended Complaint (ECF No. 17) for lack of subject matter jurisdiction.[1] Report and Recommendations, ECF No. 28 at 3 ("R&R"). Plaintiffs' Objections fail to grapple with the R&R's analysis, instead repeating the arguments they made in opposition to the Defendant's Motion to Dismiss. Plaintiffs also attempt to make a meritless claim

[1] Plaintiffs' voluntarily withdrew Count III of the Amended Complaint in their response to the United States' Motion to Dismiss. *See* ECF No. 23 at 10.

that they would be left without an adequate remedy if their complaint is dismissed and try to introduce evidence outside the four corners of the Amended Complaint. Accordingly, the Court should adopt the R& R and grant the United States of America's Motion to Dismiss. *See* ECF 18.

**STANDARD**

The Court may refer dispositive motions to a Magistrate Judge for a report and recommendation. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Within fourteen days of receiving a copy of the report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Upon filing of a timely objection, a party is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which [specific] objection is made." *United States v. Raddatz*, 447 U.S. 667, 673 (1980). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. *Id* at 674.

Objecting parties must "specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.,* 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). The Court need not consider frivolous, conclusory, or general objections. *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988).

## ARGUMENT

### I. THE PLAINTIFFS HAVE ADEQUATE ALTERNATIVE REMEDIES

Plaintiffs first argue that the Magistrate Judge erred in finding that this Court lacks subject matter jurisdiction over Counts I and II of the Amended Complaint. The Magistrate Judge correctly reasoned that the waiver of sovereign immunity under the Administrative Procedure Act does not apply because Plaintiffs had an adequate remedy through a petition in Tax Court or a refund suit in district court or the Court of Federal Claims. Plaintiffs present nothing new to suggest that the R&R is incorrect. Instead, they incorrectly argue that they do not have an adequate alternative remedy by filing a petition in the U.S. Tax Court for the purportedly "open" 2011-2018 years because the IRS has neither demanded that they file Form 1041, *U.S. Income Tax Return for Estates and Trusts* ("Form 1041") nor issued a statutory notice of deficiency for those years. ECF No. 30 at 2.

The waiver of sovereign immunity for APA claims applies only if "there is no other adequate remedy in a court." 5 U.S.C. § 704; *see Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988) ("Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action."). Notably, "[a]n adequate remedy does not mean identical relief or even that relief is possible for a particular plaintiff[.]" *Montgomery v. IRS*, 330 F. Supp. 3d 161, 172 (D.D.C. 2018); *Stone v. Comm'r of IRS*, No. 22-80154, 2022 U.S. Dist. LEXIS 99592, at *10 (S.D. Fla. Jun. 2, 2022), *aff'd*, 86 F.4th 1320 (11th Cir. 2023).

Plaintiffs attempt to argue both (i) that the IRS's disqualification of the Adminicor Employee Stock Ownership Plan ("Adminicor ESOP") imposed a retroactive duty to file Form 1041 for 2011 and each subsequent year *and* (ii) that the IRS has not demanded that they file Form 1041 for the 2011-2018 years. In other words, they are simultaneously arguing that they are required to file returns for 2011 through 2018 and that they are not required to file those returns. If they were *not* required to file the returns, the Plaintiffs were not injured and thus lack standing to raise an APA challenge. *See* 5 U.S.C. § 702. If they *were* required to file the returns, Plaintiffs have the remedies available in the Tax Court and a refund suit.

The Amended Complaint and its exhibits in fact show the Adminicor ESOP is not required to file Form 1041 for the 2011 through 2018 years. Adminicor ESOP filed Form 5500, *Annual Return/Report of Employee Benefit Plan* ("Form 5500"), for each plan year ending December 31, 2011 through December 31, 2021. ECF No. 17-1 at 17. Under Section 6501 the filing of a Form 5500 starts the three-year statute of limitations for the underlying employee benefit trust's tax liability. 26 U.S.C. § 6501(a), (g)(2); *see also* 26 U.S.C. § 6058(a) (requiring return); Treas. Reg. § 301.6058-1(a)(1) (specifying that return is the appropriate form in the Form 5500 series). A return filed by an exempt trust starts the limitations period even if the trust is later found to be taxable (disqualified). *See* § 6501(g)(2). Thus, for employee benefit trusts, the Form 1041 statute of limitations runs concurrently with the corresponding Form 5500. *See id*. Adminicor ESOP filed Forms 5500 annually for each year from 2011 to 2018. The assessment statute of limitations for 2018, the latest year, closed in

2022 (three years after 2019, the year the 2018 Form 5500 was due). That means the statutory three-year assessment period for 2018 and earlier years closed prior to the IRS's disqualification of the Adminicor ESOP in 2023.[2] The IRS acknowledged as much in the Form 886-A, *Explanation of Items* ("Form 886-A"), attached to the Amended Complaint. *See* ECF No. 17-1. The Form 886-A states that "[f]or the *open statute years*, the Plan will need to file Forms 1041, U.S. Income Tax Return for Estate and Trusts, and pay the consequential tax and penalties." *See* ECF No. 17-1 at 58 (emphasis added).

Because Adminicor ESOP filed Form 5500 for each of the 2011-2021 years, even under the broadest reading of the Form 886-A, the 2011-2018 years are no longer "open" statute years. So, no return was required for those years. *See* ECF No. 17 ¶ 33. Accordingly, Adminicor is not required to file Form 1041 for those years or pay the tax and penalties consequent to the IRS's disqualification of the plan. They have suffered no injury stemming from the disqualification for those years and lack standing to challenge the disqualification under the APA. *See* 5 U.S.C. § 702 (The APA confers standing to seek judicial review on those persons who are "adversely affected or aggrieved by agency action within the meaning of a relevant statute.").

---

[2] In general, Form 5500 is due by the last day of the seventh month following the end of the plan year—so July 31 of the following year for plans with a calendar tax year. *See* Treas. Reg. § 301.6058-1(a)(4) (referring to forms and instructions for deadline to file); Form 5500 Instructions at 4 (setting deadline). This deadline may be extended upon request by two and a half months (to October 15 for calendar-year plans). *See* Treas. Reg. § 1.6081-11(a).

If Plaintiffs are arguing that the disqualification for 2011 through 2018 affects the tax treatment in 2019 through 2021, they still have an adequate remedy. Two, in fact. First, the Magistrate Judge correctly concluded that the Plaintiffs may challenge their tax obligations, including any penalties imposed, through a petition in the Tax Court, 26 U.S.C. § 6213(a) or, after assessment of taxes and full payment, in a refund suit in district court, 26 U.S.C. § 7422(a). *See* ECF No. 28 at 22-23. Second, Congress expressly provided a specific mechanism to challenge ESOP disqualification, which the Plaintiffs have elected to pursue, in the Tax Court. See 26 U.S.C. § 7476(a) (Tax Court may declare initial qualification or continuing qualification of certain retirement plans); *see also Ed Thielking, Inc. v. Comm'r*, T.C. Memo 2020-5, 2020 Tax Ct. Memo LEXIS 5 at *8 (T.C. Jan. 9, 2020). While the R&R concluded that the Tax Court proceeding was not an adequate remedy, ECF No. 28 at 22, the United States respectfully disagrees. As the R&R correctly observes, a proceeding under Section 7476 does not entitle a petitioner to a trial de novo. *Id.* at 21. But while de novo review is sufficient to show that a remedy is adequate, it is not necessary for a remedy to be adequate—indeed, the APA itself offers review on an administrative record rather than a proceeding de novo. *See* 5 U.S.C. § 706(2). The R&R's citation to *Bowen* is inapposite in this context because *Bowen* concerned the *character* of relief available to the plaintiff—Massachusetts sought prospective relief concerning what activities were covered by Medicaid, not just retrospective monetary relief. *See* 487 U.S. at 886-87, 889-90, 905. That is why resort to the Claims Court only offered Massachusetts "doubtful and limited" relief. *See id.* at 905 ("We are not willing to

assume, categorically, that a naked money judgment against the United States will always be an adequate substitute for prospective relief fashioned in the light of the rather complex ongoing relationship between the parties."). But here, the declaratory judgment available through § 7476 would afford complete relief by determining that Adminicor ESOP qualified as a tax-exempt retirement plan. *See* 26 U.S.C. § 7476. Thus, a petition to the Tax Court under Section 7476 also afforded Plaintiffs an adequate remedy.

Both avenues Congress provided, a refund suit and a Section 7476 petition, thus offer a "special and adequate review procedure" to dispute the assessment of taxes and penalties, precluding APA review. *See Walsh v. U.S. Dep't of Veterans Affairs*, 400 F.3d 535, 537-38 (7th Cir. 2005) (citing *Bowen, 487 U.S. at 903); Stone v. Comm'r*, 86 F.4th 1320, 1327 (11th Cir. 2023); *see also Bratcher v. Comm'r*, 116 F.3d 1482 (7th Cir. 1997), rep. in full, 1997 U.S. App. LEXIS 13956 (7th Cir. 1997).

Finally, to the extent the Plaintiffs assert that the purported Byers Rule imposed a requirement to file Form 1041 for each of the 2011-2018 years, they fail to establish that they are left without an adequate alternative remedy. The "Byers Rule," as pleaded, simply reflects Plaintiffs' impression of the IRS's application of the tax laws to certain types of ESOPs. It does not change or impose any requirements on the taxpayers. Rather, it is an articulation of the IRS's position that other statutes and regulations disqualify the ESOP and have various other effects such as requiring the filing of Form 1041. *See Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, 96 (2015). Even if the Plaintiffs were required to file Form 1041 for the 2011

through 2018 years—which they are not—they are perfectly free to use normal tax procedures to challenge the disqualification of the Adminicor ESOP, the Form 1041 filing requirement, and so on, without the purported "rule" making any difference to the court's decision in those cases.

## II. PLAINTIFFS HAVE FAILED TO IDENTIFY ANY ERROR IN THE MAGISTRATE JUDGE'S ANTI-INJUNCTION ACT AND DECLARATORY JUDGMENT ACT ANALYSIS

The Magistrate Judge also identified an independent jurisdictional defect with this case: "Because the present lawsuit is designed to prevent the levying and collection of taxes, the AIA prohibits it. No judicial exception to the rule applies." ECF No. 28 at 36. The R&R correctly concluded that the Anti-Injunction Act, 26 U.S.C. § 7421(a), and the federal tax exception to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), bar this case. *See id.* at 24-37 (extensively discussing jurisdictional bars). Plaintiffs' Objections fail to show any error in the R&R's analysis.

First, they briefly argue that they have no alternative remedy and therefore should be allowed to sue, citing *South Carolina v. Regan*, 465 U.S. 367, 373, 378 (1984). ECF No. 30 at 3. But unlike Plaintiffs, South Carolina could not challenge the allegedly unconstitutional tax at all: although it was allegedly harmed, it incurred no tax liability and therefore could not file a refund suit. *See id.* at 378-81. As explained above (and in detail in the R&R), the Plaintiffs *do* have alternative ways to challenge the tax.

Second, Plaintiffs claim that they are just like the challengers in *CIC Services, LLC v. IRS*, 593 U.S. 209 (2021). They argue that they were forced to file tax returns

due to the threat of potential prosecution if they failed to file. ECF No. 30 at 4 (citing 26 U.S.C. § 7203). But that is true of *every* taxpayer who must file a return. *See* 26 U.S.C. § 7203. Nothing about *CIC Services* suggests the Supreme Court intended to open the door to pre-enforcement suits when a taxpayer could argue that its theory, if accepted, would mean it did not have to file a return. To the contrary, the *CIC Services* Court noted that the challenger in that case had to satisfy affirmative reporting requirements that were separate from the tax. 593 U.S. at 220. Here, Plaintiffs are challenging whether Adminicor ESOP is liable for income tax because it is a nonqualified trust. *See* ECF No. 28 at 30; *see also* ECF No. 17 ¶ 11 (arguing that "the demand for retroactive Form 1041 filings . . . expos[es] the trust to unwarranted income taxes and penalties"). That is not analogous to *CIC Services*. Similarly, the *CIC Services* Court observed that "CIC stands nowhere near the cusp of tax liability," 593 U.S. at 221, but that is not the case here, given that Plaintiffs' complaint arises out of a disqualification determination that will directly result in tax liability. The Magistrate Judge correctly rejected analogizing this case to *CIC Services*. *See* ECF No. 28 at 27-34. The Court should do the same, and find that this suit is barred by the Anti-Injunction Act and Declaratory Judgment Act.

## III. PLAINTIFFS' OBJECTION THAT THE MAGISTRATE JUDGE IMPROPERLY RESOLVED A QUESTION OF DISPUTED FACT IS WITHOUT MERIT

The Plaintiffs incorrectly claim that the Magistrate Judge's recommendation improperly resolved an issue of disputed fact at the pleading stage. Specifically,

Plaintiffs allege in their Objections that "whether the Government adopted a new, unpublished rule…or merely applied preexisting statutes is a disputed factual question." ECF No. 30 at 8 (internal quotations omitted). But the Magistrate Judge did not improperly fail to accept well-pleaded allegations as true or fail to draw all reasonable inferences in the Plaintiffs' favor. The Plaintiffs' purported factual dispute that the IRS's disqualification of the Adminicor ESOP was a rule requiring notice and comment is their bare conclusion. Even accepting the facts alleged by the Plaintiffs as true, the Magistrate Judge correctly concluded that the purported "Byers Rule" was an adjudication rather than a legislative rule requiring notice. R&R at pp. 42-48.

The APA authorizes suit by "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of [the] relevant statute." 5 U.S.C. § 702. "Agency action" is defined in the APA to include "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act[.]" 5 U.S.C. § 551(13). A "'[r]ule' . . . is defined broadly to include 'statements of general or particular applicability and future effect' that are designed to 'implement, interpret, or prescribe law or policy.'" *Perez*, 575 U.S. at 95-96 (quoting § 551(4); quotations and brackets omitted). By contrast, an agency's "individualized determination" of a fact-specific issue on a case-by-case basis is an "adjudication" under § 551(7) rather than a rule. *See Neustar, Inc. v. FCC*, 857 F.3d 886, 894-895 (D.C. Cir. 2017); *see also Rost v. United States*, 44 F.4th 294, 303-04 (5th Cir. 2022).

As discussed in the United States' Motion to Dismiss, the Plaintiffs argue that the IRS concluded that all Lex Byers-related ESOPs were required to submit Form 1041, *U.S. Income Tax Return for Estates and Trusts*, as reflected in the Form 886-A issued to the Adminicor ESOP, and thereby created a new legislative rule because the determination "impos[ed] a legal duty (Form 1041 filing) that no IRC provision has ever required of a qualified ESOP trust." ECF No. 23 at 15; *see also* ECF No. 17 at ¶ 40. That argument only highlights why their complaint must fail. They say that the IRS imposed a new rule on qualified ESOP trusts, but their real complaint is that the IRS determined that the Adminicor ESOP was *not* a qualified ESOP trust. ECF No. 17-1 at 2. And as the Eastern District of Wisconsin recently observed in a nearly identical case, "[t]he plaintiffs have failed to plausibly allege that this decision was the result of any rulemaking. Rather, it was a result of the application of the law to the facts. In other words, it was an adjudication." *Daines et al. v. IRS*, No. 24-cv-1057, 2026 U.S. Dist. LEXIS 97409 at *7 (E.D. Wis. May 4, 2026).

The attachments to the Amended Complaint show the adjudicative nature of the IRS's action. Form 886-A is not a "statement" designed to "implement, interpret, or prescribe law or policy." *See Perez*, 575 U.S. at 95-96. Nor is it evidence of a rule that applies to all Byers-related ESOPs. Rather Form 886-A provides a detailed explanation of adjustments made by the IRS during an examination, which accompanies a notice to clarify changes in income, deductions, or credits. *See* IRM 4.46.6.13 (Sept. 16, 2021). It documents the IRS's individualized determination of a fact-specific issue on a case-by-case basis that the Adminicor ESOP was not qualified

under Section 401 and thus exempt under Section 501(a), and therefore is required to file Form 1041. In short, the IRS's conclusion with respect to the Adminicor ESOP is an "adjudication" under Section 551(7), not a rule. *See* 5 U.S.C. § 551(7); *see also Daines*, 2026 U.S. Dist. LEXIS 97409 at *7-8; *Neustar*, 857 F.3d at 894 (Agencies routinely interpret statutes and regulations to adjudicate matters.); *Reid v. IRS*, No. 21-12087, 2021 U.S. App. LEXIS 37408 at *6 (11th Cir. Dec. 17, 2021) (per curiam) (sovereign immunity against nonmonetary relief is only waived for "challenges to a final agency action that is not committed to agency discretion by law.") (citing 5 U.S.C. §§ 701(a)(2), 704) (quotations omitted).

That conclusion holds even if the IRS made the same adjudicative decision regarding "every ESOP associated with Lex Byers nationwide." Pls.' Opp. Mot. Dismiss, ECF No. 23 at 7. "Adjudicative matters, however, routinely have broader effects; it does not transform them into legislative rules." *Daines*, 2026 U.S. Dist. LEXIS 97409 at *8-9. Even if "the IRS applied a top-down approach, evaluating first the propriety of Byers's system and then initiating enforcement actions against taxpayers that employed the system," that does not create a "Byers Rule." *Id.* at *9. "Rather, such top-down approaches are routine means of administrative actions which ensure even-handed enforcement." *Id.* at *10. Thus, for instance, the IRS's position on Byers ESOPs—assuming that there was a general position—did not itself change the filing requirements for the ESOPs. The IRS did not rely on a "Byers Rule" in determining that the Adminicor ESOP did not qualify, but on the particular

facts and circumstances of the Adminicor ESOP. *See* ECF No. 17-1, Form 886-A, at 15-58.

The Plaintiffs' continued bare assertions to the contrary are unavailing. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Most importantly, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682)). Thus, the Magistrate Judge correctly concluded that the purported "Byers Rule" was an adjudication rather than a legislative rule requiring notice. R&R at pp. 42-48.

## IV. THE *DAINES* OPINION WAS PROPERLY CONSIDERED BY THE MAGISTRATE JUDGE

Plaintiffs' claim that the Magistrate Judge's R&R improperly relied on another District Court's rejection of a nearly identical APA challenge based on the purported Byers Rule. *See Daines*, 2026 U.S. Dist. LEXIS 97409 at *10-*11 (dismissing amended complaint); *see also Daines v. IRS*, No. 24-CV-1057, 2025 U.S. Dist. LEXIS 185497 at *9-*10 (E.D. Wis. Sep. 22, 2025) (dismissing original complaint but allowing leave to amend). However, Plaintiffs fail to identify any portion of the R&R where the Magistrate Judge states that the *Daines* opinion is binding authority rather

than persuasive.[3]

And the *Daines* opinion *is* persuasive authority. It involves nearly identical facts and arguments. Here, as in *Daines*, the Plaintiffs' argument boils down to a disagreement over how the IRS exercised its discretionary authority to examine an ESOP and its conclusion that the ESOP was not a qualified plan—not a challenge to a rule reviewable under the APA. *See Daines*, 2026 U.S. Dist. LEXIS 97409 at *7. Plaintiffs argue that the IRS imposed a new rule on qualified ESOP trusts, but the IRS determined that the Adminicor ESOP was *not* a qualified ESOP trust. ECF No. 17-1 at 2. Here, as in *Daines*, it is ultimately that determination that the Plaintiffs are trying to attack. And as the Eastern District of Wisconsin observed in *Daines*, "[t]he plaintiffs have failed to plausibly allege that this decision was the result of any rulemaking. Rather, it was a result of the application of the law to the facts. In other words, it was an adjudication." *Daines*, 2026 U.S. Dist. LEXIS 97409 at *7. The Plaintiffs have failed to plausibly allege that the IRS's decision that the Adminicor ESOP did not qualify for tax benefits under the internal revenue laws was the result of any rulemaking. Thus, they have failed to state a claim upon which relief may be granted. The Magistrate Judge properly considered the decision in *Daines* and recommended, as an alternative resolution, that the Amended Complaint should be dismissed pursuant to Rule 12(b)(6).

---

[3] The R&R cites the *Daines* opinion three times: once as a citation to show the United States is not certain to lose on the merits, ECF No. 28 at 35, and twice as secondary citations applying a general principle to an argument essentially identical to Plaintiffs', *see id.* at 22, 40.

## V. PLAINTIFFS IMPROPERLY INTRODUCE FACTS NOT ALLEGED IN THEIR AMENDED COMPLAINT

Finally, the Plaintiffs' Objections claim that dismissal of their Amended Complaint is in error because of subsequent events in their pending cases before the Tax Court. ECF No. 30 at 5, 9-10. Attempting to supplement the record is not proper, as explained in the United States' Opposition to Plaintiffs' Motion for Leave to Supplement and for Judicial Notice of Supervening Developments. (The text below duplicates the Opposition because the United States opposes both the Motion and Plaintiffs' attempt to overturn the Magistrate Judge's R&R on the same grounds. *See also* L.R. 3.01(h) (forbidding incorporation by reference).)

Plaintiffs attempt to manufacture a scenario where their Tax Court case is not an adequate remedy because they are purportedly unable to access the administrative record to challenge the IRS's disqualification of the Adminicor ESOP. Specifically, Plaintiffs claim that in their Tax Court case challenging the IRS's disqualification, IRS Counsel refuses to produce the administrative record in that matter. That argument is wrong three times over.

First, Plaintiffs' claim is readily refuted both by the docketed filings in that case and by Plaintiffs' own exhibits in their Motion for Leave to Supplement and for Judicial Notice of Supervening Developments (ECF No. 29). Indeed, in the Tax Court case the government filed a certified copy of the administrative record, comprising over 1,000 pages, related to the disqualification of the Adminicor ESOP. *See Adminicor Services, Inc. ESOP et al. v. Comm'r*, No. 5793-24 (T.C., filed Apr. 11, 2024)

(Dkt. Nos. 29-46). Contrary to Plaintiffs' assertions, IRS Counsel advised Adminicor Services, Inc. that "if you believe that documents that you provided during the examination have not been included in the administrative record, the proper action is to provide it to [IRS Counsel] for inclusion in the administrative record." ECF No. 29-3 at 28 (response to petitioner).

Second, whether the government produced an adequate record in the Tax Court is a matter for the Tax Court to decide. It does not appear that Plaintiffs have sought relief by motion in the Tax Court case. This Court should rest its analysis on whether the Plaintiffs have a legally adequate remedy, not on whether Plaintiffs feel the government's counsel in a separate case is being sufficiently cooperative.

Finally, "it is procedurally inappropriate to introduce new evidence in support of Objections because these materials were not before the Magistrate Judge making the recommendation." *Simmons v. Gilmore*, Case No. 17-996, 2019 U.S. Dist. LEXIS 50139 at *2 (W.D. Pa. Mar. 26, 2019) (declining to consider exhibits); *see also Kuchman v. City of Utica*, Case No. 6:19-CV-0766 (GTS/TWD), 2020 U.S. Dist. LEXIS 34211 at *8 (N.D.N.Y. Feb. 28, 2020) ("an attempt to introduce new evidence during the objection phase of the report-recommendation procedure" was rejected by the court because such introduction "would frustrate the purpose of the Federal Magistrate Act of 1968"). Accordingly, the Court should overrule the Plaintiffs' objections based on subsequent events.

## CONCLUSION

For all of the foregoing reasons, the Court should overrule the Plaintiffs' Objections and dismiss the Amended Complaint in its entirety for lack of jurisdiction. And because the Plaintiffs' Objections do not suggest the jurisdictional legal flaws in the Amended Complaint can be corrected, the Court should not allow them to amend.

Dated: September 2, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JOSHUA WU
Deputy Assistant Attorney General
Tax Litigation Branch

By: ***/s/ Matthew L. Paeffgen***
MATTHEW L. PAEFFGEN
D.C. Bar No. 90002655
Trial Attorney
Civil Division, Tax Litigation Branch
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
Phone: 202-307-6490
Fax: 202-514-4963
Email: Matthew.Paeffgen@usdoj.gov
*Counsel for the United States*

*Of Counsel:*

GREGORY W. KEHOE
United States Attorney
Middle District of Florida

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2026, the undersigned electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/ *Matthew L. Paeffgen*
Trial Attorney
Civil Division, Tax Litigation Branch
U.S. Department of Justice