**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ADMINICOR SERVICES, INC.; ADMINICOR SERVICES, INC. EMPLOYEE STOCK OWNERSHIP PLAN; BENJAMIN MORICZ; and PAUL H. & ANN F. JAWORSKI,

*Plaintiffs*,

v.

COMMISSIONER OF INTERNAL REVENUE,

*Defendant*.

Case No. 8:25-cv-1929-MSS-NHA

**UNITED STATES' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT AND FOR JUDICIAL NOTICE**

The United States submits this opposition to Plaintiffs' Motion for Leave to Supplement and for Judicial Notice of Supervening Developments (ECF No. 29) (the "Motion"). The Plaintiffs improperly attempt to introduce facts not alleged in their Amended Complaint (ECF No. 17) in support of their Objections to the Magistrate Judge's report and recommendation (ECF No. 30, objecting to ECF No. 28) (the "Objections"). Their attempt is procedurally improper and does not assist them in showing their Amended Complaint should not be dismissed.[1]

[1] The United States is also submitting a version of the text below in its Response to Plaintiffs' Objections to the Magistrate Judge's Report and Recommendation. It duplicates the arguments because the reasons Plaintiffs' Motion should be denied and the reasons to overrule their Objections on these grounds are much the same. *See also* L.R. 3.01(h) (forbidding incorporation by reference).

In their Objections, the Plaintiffs claim that dismissal of their Amended Complaint is in error because of subsequent events in their pending cases before the Tax Court. ECF No. 30 at 5, 9-10. Plaintiffs attempt to manufacture a scenario where their Tax Court case is not an adequate remedy because they are purportedly unable to access the administrative record to challenge the IRS's disqualification of the Adminicor ESOP. Specifically, Plaintiffs claim that in their pending Tax Court case challenging the IRS's disqualification, IRS Counsel refuses to produce the administrative record in that matter. That argument is wrong three times over.

First, Plaintiffs' claim is readily refuted both by the docketed filings in that case and by Plaintiffs' own exhibits in their Motion (ECF No. 29). Indeed, in the Tax Court case the government filed a certified copy of the administrative record, comprising over 1,000 pages, related to the disqualification of the Adminicor ESOP. *See Adminicor Services, Inc. ESOP et al. v. Comm'r*, No. 5793-24 (T.C., filed Apr. 11, 2024) (Dkt. Nos. 29-46). Contrary to Plaintiffs' assertions, IRS Counsel advised Adminicor Services, Inc. that "if you believe that documents that you provided during the examination have not been included in the administrative record, the proper action is to provide it to [IRS Counsel] for inclusion in the administrative record." ECF No. 29-3 at p.28 (response to petitioner).

Second, whether the government produced an adequate record in the Tax Court is a matter for the Tax Court to decide. It does not appear that Plaintiffs have sought relief in the Tax Court case by motion. This Court should rest its analysis on

whether the Plaintiffs have a legally adequate remedy, not on whether Plaintiffs feel the government's counsel in a separate case is being sufficiently cooperative.

Finally, "it is procedurally inappropriate to introduce new evidence in support of Objections because these materials were not before the Magistrate Judge making the recommendation." *Simmons v. Gilmore*, Case No. 17-996, 2019 U.S. Dist. LEXIS 50139 at *2 (W.D. Pa. Mar. 26, 2019); *see Kuchman v. City of Utica*, Case No. 6:19-CV-0766 (GTS/TWD), 2020 U.S. Dist. LEXIS 34211 at *8 (N.D.N.Y. Feb. 28, 2020) ("an attempt to introduce new evidence during the objection phase of the report-recommendation procedure" was rejected by the court because such introduction "would frustrate the purpose of the Federal Magistrate Act of 1968").

For the foregoing reasons, the Court should deny the Plaintiffs' Motion to Supplement and for Judicial Notice.

Dated: September 2, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JOSHUA WU
Deputy Assistant Attorney General
Tax Litigation Branch

By: ***/s/ Matthew L. Paeffgen***
MATTHEW L. PAEFFGEN
D.C. Bar No. 90002655
Trial Attorney
Civil Division, Tax Litigation Branch
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
Phone: 202-307-6490
Fax: 202-514-4963

Email: Matthew.Paeffgen@usdoj.gov
*Counsel for the United States*

*Of Counsel:*

GREGORY W. KEHOE
United States Attorney
Middle District of Florida

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2026, the undersigned electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/ *Matthew L. Paeffgen*
Trial Attorney
Civil Division, Tax Litigation Branch
U.S. Department of Justice